# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Darren Curtis,

        Petitioner,     Case No. 22-10570

v.     Judith E. Levy
    United States District Judge

M. Floyd,

    Mag. Judge Kimberly G. Altman

        Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS [1]

Darren Curtis, a Michigan prisoner, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. At the time Curtis filed the petition, he was in custody on his 2018 Wayne Circuit Court conviction on one count of carrying a concealed weapon. Mich. Comp. Laws § 750.227.

The Court denies the writ because Curtis's claims are now moot. The Court will also deny a certificate of appealability and deny leave to appeal in forma pauperis.

## I. Background

On November 2, 2017, Curtis pled guilty in Wayne Circuit Court to carrying a concealed weapon. (ECF No. 8-6.) The trial court originally sentenced Curtis to a term of probation, but after multiple violations, on December 1, 2020, the court sentenced him to 40 to 60 months in prison. (ECF No. 8-17, PageID.451–453.) After pursuing an appeal to the Michigan Supreme Court, (ECF Nos. 8-18, 8-19), Curtis filed his petition for a writ of habeas corpus seeking a remand for re-sentencing. (ECF No. 1, PageID.14.)

The Michigan Department of Corrections Offender Tracking Information System ("OTIS") indicates that Curtis was discharged from his sentence on carrying a concealed weapon on November 15, 2024. Mich. Dep't of Corr., *Biographical Information*, https://perma.cc/E7D2-CB4U (last visited March 25, 2025). The Court is permitted to take judicial notice of information from OTIS. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004).

## II. Legal Standard

"[F]ederal courts may adjudicate only actual, ongoing cases or controversies" under Article III of the United States Constitution. *Lewis*

2

*v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). For the federal court to have jurisdiction, "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant *and likely to be redressed by a favorable judicial decision.*" *Rosales-Garcia v. Holland*, 322 F.3d 386, 395 (6th Cir. 2003) (emphasis added) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). If events after a lawsuit or appeal is filed "deprive the court of the ability to give meaningful relief, then the case is moot and must be dismissed." *Sullivan v. Benningfield*, 920 F.3d 401, 410 (6th Cir. 2019) (quoting *Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004)). When a petitioner does not attack the legality of his conviction, but merely contests the imposition and duration of his confinement, the case becomes moot when he is no longer confined. *Lane v. Williams*, 455 U.S. 624, 631 (1982); *see also Demis v. Sniezek*, 558 F.3d 508, 512–13 (6th Cir. 2009).

### III. Analysis

Curtis's claims are now moot, because there is no meaningful relief that the Court can give him. In his petition, he requested that the Court remand his case for re-sentencing. (ECF No. 1, PageID.14.) He did not attack the legality of his conviction. The Bureau of Prisons released him

3

from custody before the Court was able to rule on his petition.[1] His petition is therefore moot.

### IV. Conclusion

Because Curtis's claims are moot, the petition for writ of habeas corpus is denied.

Before Curtis may appeal this decision, the Court must determine whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy § 2253(c)(2), a habeas petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). The Court finds that reasonable jurists would not debate the resolution of any of Curtis's claims. The Court will therefore deny a certificate of appealability.

---

[1] The Court apologizes for the delay in addressing this Petition.

Finally, because an appeal cannot be taken in good faith, the Court denies leave to proceed in forma pauperis on appeal should Petitioner decide to appeal this decision. 28 U.S.C. § 1915(a)(3).

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus and **DENIES** a certificate of appealability and permission to proceed on appeal in forma pauperis.

**IT IS SO ORDERED**.

Dated: March 26, 2025　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 26, 2025.

　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　Case Manager